Hemphill, Cli. J.
There does not appear, from the record, to have heen any notice of appeal or writ of error; and as these are essential to the exercise of the revisoiy jurisdiction, the case must., for the want of such appellate process, be dismissed from the docket. That sneh process exists, there is little donbt; otherwise there would have been no assignment of errors, nor would the parties have appeared by briefs.
The case has been argued by brief; and as it may save the parties from incurring the necessary expense of again bringing up the cause for review, we deem it not improper to express our convictions that there is no error in the judgment.
Tile facts of the case are briefly these : Spillars, the plaintiff, sued one Noel Mixon and Joseph L. Bennett on a joint note. Pending suit Bennett died, and his executors, Davis and J. S. Bennett, being made parties defendants, jointly with the survivor, Mixon, judgment was rendered against all the defendants jointly, with the order that execution should issue against Mixon, ■ and that the executors should pay the judgment in the due course of administration.
It is contended that the suit should have been discontinued as against the deceased joint obligor, and that a joint judgmeut against the survivor and the representatives of the deceased is erroneous. This would he entirely sound, if the courts of this State were restricted to the exercise of common-law powers exclusively, and controlled absolutely by such provisions of statutes as were designed to prevent the abatement of suits at common law. But no sneh limitation fetters judicial authority. The courts possess in thelilce plenitude both chancery and common-law powers, and one of the familiar rules of equity is, that joint owners, joint contractors, and other persons having- a community of interests in duties, claims, or liabilities, who may he affected by the decree, should be parties. (Story’s Eq. Pl., sec. 159.) If, in the progress of a suit in equity, one of the joint obligors should die, his representatives must be made parties; and his representatives must also he parties if he died even before the commencement of the suit. A surviving partner cannot sue or he sued alone in equity. He must be joined with the representatives of the deceased, and sneh is the law under the code of Louisiana; and such practice, until the abrogation of the probate laws of Louisiana, was familiar to the profession in this State. If the rules and principles arising from the antagonisms of the common law and equitable jurisdictions were thoroughly extirpated from the mind, the provisions of legislation and the decisions and practice of the courts would become more harmonious and more in accordance with our system of judicial procedure. For instance, at law an assignor of a chose in action, a surviving partner, or a surviving obligee, is deemed owner; hut in equity the owner is the assignee, the executor or administrator of the deceased partner or obligee; and there are many other antagonisms of the like kind, hut in our acts of legislation or adjudications it should be always recollected that no such antagonisms have place in our system; that all rights, duties, liabilities, and obligations pertaining to the parlies in the particular ease, whether they he legal or equitable, are properly before the court for adjudication.
In this case the plaintiff might, under the statute, have proceeded against the survivor alone. But he was not hound to do so. He hada right to a judgment against the representatives of the deceased; at least sneh is the general rule, and its modifications do not in this case require notice. In the case of Boone v. Roberts (1 Tex. R., 147) it was decided that when a party defendant died pending suit it was not necessary to present the claim for acceptance or rejection, but that the suit could go on to judgment to be paid in the due course of administration. No objection, then, can be made that the claim was not presented before suit brought; nor can the objection be sustained that the same judgment cannot be entered against all of the defendants. The court, in the exercise of its general powers, and Under the 115th section of the act of 1846, has the power to enter such judgment as will cohform to the pleadings and the nature of the case.
*302 This subject would be further discussed were the case properly before the court for consideration; but there being no notice of appeal or writ of error, it is ordered that the case be dismissed from the docket.
Ordered accordingly.