## D. THOMAS v. A. CHILDS.

A record brought to this court upon writ of error must show that the citation in error was issued and served on the defendant in error, and returned to the District Court before the making up of the record: otherwise this court will have no jurisdiction.

ERROR from Tarrant. Tried below before the Hon. Nat. M. Burford.

No briefs for either side have reached the hands of the reporter.

OGDEN, J. In this cause, a petition for a writ of error was filed on 19th of May, 1869, but the record shows no evidence that a citation ever issued to the defendant in error, or his attorney. Service of citation is absolutely necessary, in order to give this court jurisdiction. (Article 1495, Paschal's Digest, and Note) And the record, when filed here, must show that a citation has not only issued, but also that the same has been duly served, and returned into the District Court, before the transcript is made up.

It is claimed by the plaintiff in error, that notice was given to the attorney of defendant in error; but service on the attorney is not sufficient, when the party himself is in the county where the writ is sued out. The original writ in this cause states that the defendant in error is a resident of Tarrant county, and if he had moved out of the county, then, that fact should have been alleged in the petition for a writ of error. (James & Eastman v. Gray, 3 Texas, 514; Hughs v. Burleson, 10 Texas, 290; Adkins v. Forehand, 10 Texas, 270; and Holloman v. Middeton, 23 Texas, 538.) And even if there had been sufficient allegations in the petition for a writ of error, to authorize service on the attorney of record, yet, the record does not show that even he was served, and to the record alone we must look

for the evidence of our jurisdiction.   And as that shows that we have no jurisdiction of this cause as now presented, the writ must be dismissed.

Dismissed.