### MARY BEVERSDORFF v. JOE DIENGER.

No. 2406.        Decided March 17, 1915.

1.—Appeal—Notice—Probate of Will.

An appeal from the County Court in probate matters is perfected by complying with the provisions of chapter 32, Revised Statutes, 1911, that being the law specifically governing the procedure in such cases (Rev. Stats., 1911, art. 3631). That is, by filing appeal bond within fifteen days after the judgment. (Rev. Stats., 1911, art. 3632). No notice of appeal is required in such case. Article 2084, governing appeals from the County to the District Court in general has no application. (Pp. 89, 90.)

2.—Same—Cases Discussed.

Edwards v. Morton, 92 Texas, 152; Glenn v. Kimbrough, 70 Texas, 147, followed. Battle v. Howard, 13 Texas, 345; Smithwick v. Kelly, 79 Texas, 564; Western U. Tel. Co. v. O'Keefe, 87 Texas, 423, discussed and distinguished. (Pp. 91-96.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Kendall County.

The appeal of Beversdorff from a judgment of the County Court admitting to probate the will of John Ulle on application of Dienger, the executor, was dismissed in the District Court because no notice of appeal was given. This ruling was affirmed by the Court of Civil Appeals on appeal by Beversdorff, and she obtained writ of error.

*Carlos Bee,* for plaintiff in error.

*Cobbs, Taliaferro & Cunningham,* for defendant in error.—No appeal can be perfected from a court of record without (in respect to a judgment or ruling) the same is saved, at the very time in the judgment, giving notice of appeal, and putting adverse party on notice that an appeal will be taken. This judgment, record pages 6 and 7, does not give any notice that an appeal would be taken, and the appeal bond filed in the District Court, June 23, 1909, does not supply that omission, record, pages 6 and 7. Lockhart's Extrix. v. Lockhart, 1 Texas, 200; Battle v. Howard, 13 Texas, 348; Glenn v. Kimbrough, 70 Texas, 148; Smithwick v. Kelley, 79 Texas, 575; Erwin v. Erwin, 61 S. W., 159; Lindeman v. Dobossy, 107 S. W., 111; Bell County v. Alexander, 22 Texas, 364; Yeatman v. Haney, 79 Texas, 73; Vickery v. Hobbs, 21 Texas, 575.

Where it is desired to take a case from the probate court without having preserved the right by the record, the statute has afforded another remedy by *certiorari,* then the appeal is confined to the particular errors complained of, and then notice will be given as provided by statute. Arts. 332, 334, 339, Rev. Stats.; Friend v. Boren, 43 Texas Civ. App., 33, 95 S. W., 711; Harbison v. Harbison, 56 S. W., 1007.

Mr. Justice PHILLIPS delivered the opinion of the court.

The suit originated in the County Court of Kendall County and was a contest over the probate of the will of John Ulle, offered for probate by the defendant in error who was therein named as executor, and contested by the plaintiff in error, a daughter of Ulle. The result in the County Court was adverse to the contestant, and the will was admitted to probate by a judgment rendered June 12, 1909. She duly filed her appeal bond in compliance with article 3632, Revised Statutes, 1911, for the appeal of the case to the District Court. In that court her appeal was dismissed because she failed to give notice of appeal in the County Court. The honorable Court of Civil Appeals approved the judgment of dismissal, holding that notice of appeal in the County Court is indispensable to an appeal to the District Court in a probate proceeding, notwithstanding the appeal bond prescribed by the statute had been duly filed.

The provisions governing appeals from the County to the District Court in probate proceedings, constitute a separate chapter in the

statutes, chapter 32, Revised Statutes of 1911, articles 3631-3639, under title 52, "Estates of decedents." Article 3631 declares:

"Any person who may consider himself aggrieved by any decision, order, decree or judgment, of the County Court shall have the right to appeal therefrom to the District Court of the county, *upon complying with the provisions of this chapter.*"

The effect of this article is necessarily to exempt such appeals from the regulation of any general provisions of law, and to impose, for their perfection, compliance with the articles of chapter 32 as the sum of procedure necessary to be observed. Aside from those articles which provide that no bond shall be exacted of executors and administrators unless the appeal concerns them personally, and that where the party desiring to appeal is unable to give the bond, the appeal may be prosecuted upon an affidavit of such inability, the only article in the chapter which lays any requirement upon an appellant is article 3632, which is as follows:

"He shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge, in any amount to be fixed by the county judge, and to be approved by the clerk, conditioned that the appellant shall prosecute said appeal to effect and perform the decision, order, decree or judgment which the District Court shall make thereon, in case the cause shall be decided against him."

It is manifest that according to no provision in the chapter is it necessary that notice of appeal be given in the County Court; and that if the procedure is determined solely by the articles found in the chapter, as is unmistakably declared in article 3631, the appeal of a party of whom bond is required, is perfected when he files the bond in compliance with article 3632.

We have no general statutory provision requiring the giving of notice of appeal, and if there were any such general statute, it would yield in its effect to the procedure prescribed as complete for a particular class of cases.

Article 2084 has no bearing upon the subject since it has reference alone to appeals to the Courts of Civil Appeals.

The procedure defined for the government of probate appeals to the District Court, so far as it relates to this question, is not materially different from that provided for appeals from the Justice to the County Court. In both instances the trial on appeal is *de novo.* Article 2393 declares that an appeal from the Justice to the County Court shall be perfected when the bond it prescribes has been filed in compliance with its terms. It is silent as to any requirement that notice of appeal be given in the original court, as are the articles relating to appeals from the County to the District Court in probate proceedings. If it be true, as held by the Court of Civil Appeals, that the requirement for notice of appeal in the original court is to be imported as a general rule applicable to all appeals, in virtue of article 2084, unless the particular

appeal is excepted in terms from its operation, there could be no reason for holding appeals from the Justice to the County Court exempt from the rule. Yet in Edwards v. Morton, 92 Texas, 152, 46 S. W., 792, it was distinctly held by this court that such notice is not required in appeals from the Justice Court to the County Court, in the following language:

"The statute does not require that the appellant shall give notice in the Justice Court of his appeal to the County Court, and courts have no power to prescribe such a rule. No such notice is necessary to perfect an appeal from the Justice Court to the County Court."

This further statement appears at the close of that opinion:

"No one can be denied the right of appeal because the Legislature has not provided that he should execute a bond or do any particular act, *but each party has the constitutional right to appeal if he complies with such regulations as have been prescribed by the Legislature for the class of cases to which his belongs.*"

Edwards v. Morton stands in our decisions as an emphatic declaration that the statutory mode of appeal provided for a particular class of cases is alone to be consulted for the procedure necessary in the appeal of cases of that class, and where it is silent in respect to the giving of notice of appeal courts have no authority to impose such a requirement as a condition of the right. Nothing else could well be the law, and the strength of the proposition, best revealed by its simple statement, demonstrates its correctness. We advert here to the effect of this decision because it necessarily clears whatever confusion is found in our reports upon this question as related to probate appeals to the District Court. That there is some apparent confusion, arising, not from actual decisions, but from expressions in opinions, may be conceded.

Battle v. Howard, 13 Texas, 345, involved an appeal by an administrator from the County to the District Court. Notice of appeal was given in the County Court, but the appeal was prosecuted without bond. Upon this account it was dismissed in the District Court. Statutory provisions were in force then, as now, exempting executors and administrators from the giving of bond in such appeals, and it was accordingly held that the appeal was duly perfected. A ground urged in the case against the administrator's right to appeal without bond, was the absence in the statute of any provision requiring that notice of the appeal be given in the County Court. Answering that objection, Judge Wheeler used the following language:

"Such provision is not necessary to the exercise of the right of appeal. On general principles he who would appeal from the judgment of any court, must do so in open court at the time when the judgment is procured, and the fact should appear in the proceedings in the case. This is all the notice which, in practice, the law has been held to require in any case. In the present case the administrator appealed from the judgment of the probate court, and the fact was entered of record. And we are of opinion that nothing further was necessary to give the

District Court jurisdiction in this case, and that it was error to dismiss the appeal."

It is evident that the failure of the statute to prescribe the giving of notice could not have the effect of requiring the giving of bond. It is equally apparent that the court did not undertake to there decide whether, under the statute, the notice is necessary where the bond is required and duly given. That question was in nowise involved in the case.

In Glenn v. Kimbrough, 70 Texas, 147, 8 S. W., 81, a case of an appeal in a probate proceeding from the County to the District Court by heirs who had duly filed their appeal bond,—it was expressly held by the commission of appeals, with this court's approval, that notice of appeal is not necessary in the appeal of such proceedings to the District Court. Upon a review of the present statutory provisions found in chapter 32, the decision was rested squarely upon the omission from them of any such requirement. That part of the opinion by Judge Collard is as follows:

"It is also provided that any person who may consider himself aggrieved by any decision, order, decree or judgment of the County Court (in probate matters) shall have the right to appeal therefrom to the District Court of the county upon complying with the provisions of other sections of the law. (Rev. Stats., 2201.) The next article prescribes that he, the appellant, shall, within fifteen days after such decision, etc., file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge, and to be approved by the clerk, conditioned that the appellant shall prosecute his appeal to effect and perform the decision, order, decree or judgment which the District Court shall make thereon in case the cause shall be decided against him. *No notice of appeal is required by the law.*

"In the case at bar the administrator, R. H. Smith, allowed the account of plaintiff in error for three hundred dollars, on the 17th day of November, 1882, and on the 20th of the same month the county judge duly approved it and assigned it to the fourth class. On the fifth of December, 1882, H. E. and Mary A. L. Poe, claiming to be heirs at law of decedents, filed in the probate court their bond for appeal from the order of approval, to the District Court, complying with the terms of the statute, which bond was at once approved by the clerk. If they were such heirs they had the right of appeal from the action of the probate judge, *and that without notice of appeal.*"

In Smithwick v. Kelly, 79 Texas, 564, 15 S. W., 486, an opinion by Judge Stayton, a contrary holding is expressed. It is manifest, however, from the statement of the case that a determination of this exact question was not essential to the decision of the case; and, from what is said in the opinion concerning Glenn v. Kimbrough, it may be doubted whether there was any intention to decide it, though some doubt is cast upon the latter decision. The case concerned an attempted appeal to the District Court by executors from a probate order.

It is stated in the opinion that "the inference was almost irresistible that they intended to prosecute an appeal to protect what they supposed to be their personal interests," in which event it would have been necessary for them to duly file the statutory bond. No notice of appeal was given. They filed a bond, but one day too late. If the appeal was attempted to be prosecuted for the personal benefit of the parties named as executors, as seems to have been the conviction of the court and as appears to have been the case, for the bond was not even executed by them as executors, their failure to file a bond in compliance with the statute was alone sufficient to defeat the appeal, rendering unnecessary any determination as to the effect of their failure to give the notice. Upon the latter subject, however, this is stated in the opinion:

"The appeal bond was not executed by Carson and Follain as executors, and the inference is almost irresistible that they intended to prosecute an appeal to protect what they supposed to be their personal interests. If, however, it be held that they attempted to prosecute an appeal as executors for the benefit of the estate the same result would follow. No notice of appeal having been given in open court, the executors could not perfect an appeal on behalf of the estate or themselves. . . . In appeals from Justice Courts it is necessary that notice of the appeal should be given to the adverse party, and the statute prescribes how this shall be given. Rev. Stats., art. 1639. . . .

"Now, as heretofore, the statutes regulating appeals in probate proceedings do not in terms require notice of appeal to be given in open court, but the statutes in force now in no respect affecting the question before us differ from the Act of March 20, 1848 (Paschal's Digest, arts. 1383, 1384), under which, in Battle v. Howard, 13 Texas, 348, it was said: 'Such a provision is not necessary to the right of appeal. On general principles he who would appeal from the judgment of any court must do so in open court at the time when the judgment is procured, and the fact should appear in the proceedings of the case. This is all the notice which, in practice, the law has been held to require in any case. In the present case the administrator appealed from the judgment of the probate court and the fact was entered of record, and we are of opinion that nothing further was necessary to give the District Court jurisdiction.' It ought to be presumed that in carrying the Act of March 20, 1848, above cited, into the Revised Statutes it was intended it should receive the construction theretofore placed upon it. In the case cited we understand the court to have meant by 'the time when the judgment was procured' the term at which the judgment was rendered.

"That notice should be thus given we have no doubt in the absence of a law requiring notice to be given in some other manner."

Immediately following in the opinion is the reference to Glenn v. Kimbrough, as follows:

"In Glenn v. Kimbrough, 70 Texas, 148, there is a statement that notice of appeal from a decree in probate was not necessary; but in

that case a bond was filed within the time prescribed by law, and it may be that it was intended in such cases that parties adversely interested should take notice of that fact and thus have notice of an appeal; but if so, that could not affect this case, for the bond in question was not filed within fifteen days after the decree in probate was rendered, and it can not be held that appellants or others interested in the estate of the testator were bound to take notice of the filing of a bond after the time had elapsed within which the law permitted a bond to be filed. We are, however, of opinion that the rule asserted in Battle v. Howard is the correct one, and persons who may not be able thus to give notice of appeal may have a judgment in probate revised in the District Court on certiorari upon proper application and notice."

In the present case the honorable Court of Civil Appeals concluded that Glenn v. Kimbrough was overruled in Smithwick v. Kelly; but such a purpose is not plainly evidenced by the opinion. If such was the intention of the court, it should be assumed that the eminent judge writing the opinion, noted for the clearness and strength of his judicial utterance, would have expressed it in unequivocal terms. There is indicated, on the contrary, a design to distinguish that decision, and a probable purpose to limit its application to those instances where the bond has been duly given, as is the case here; for, after having previously announced that notice of appeal should be given at the term of the court rendering the judgment appealed from, "in the absence of a law requiring notice to be given in some other manner," and having observed that in Glenn v. Kimbrough the bond had been duly filed, it is said, "and it may be that it was intended in such cases that parties adversely interested should take notice of that fact and thus have notice of an appeal." This evinces very clearly to our minds an unwillingness to hold that the decision, as applied to the state of case it involved, was wrong, and should, therefore, be overruled.

It was stated in Smithwick v. Kelly, as persuasive upon the proposition that notice of the appeal is necessary, that such notice was required in appeals from the Justice Court, citing article 1639 Revised Statutes, 1879. If by this it was meant that under the law as it then stood the notice was necessary to perfect the appeal, the statement was inaccurate. Such was the provision in article 1639, Revised Statutes, 1879. But at the time that opinion was written, in 1891, that requirement, as an essential for the perfection of the appeal, had been dispensed with. Article 1639 was amended by the Act of 1883 (Laws of 1883, page 91), entirely omitting the clause requiring that notice of the appeal be given in Justice Court. That act constitutes present article 2393, governing appeals from the Justice Court. Under its provisions a failure to give notice of the appeal in the County Court entails a continuance of the cause at the appearance term where the appellee has not appeared in person or by attorney; and unless it is so given, an appellee is not subject to the rendition of a judgment by default. But it is therein provided that the appeal shall be perfected when the prescribed bond is duly filed. The effect of the amended

article is to entirely relieve an appellant of the necessity of giving the
notice in the Justice Court as a prerequisite for the allowance of his
appeal, as was held in Edwards v. Morton.

The procedure then in force with respect to appeals from the Justice
Court furnished no analogy, therefore, to the proposition announced
generally in Smithwick v. Kelly, that notice of an appeal is necessary
to perfect the appeal notwithstanding the statute governing the appeal
does not so provide.

The amendment of article 1639 by the Act of 1883 demonstrated
an unmistakable purpose on the part of the Legislature to exempt the
right of appeal in such cases from the previous statutory requirement
of notice.  If it was competent for the Legislature to omit such a re-
quirement in the enactment of statute governing appeals from the
Justice Court, it was equally within its power to omit it from a statute
regulating probate appeals from the County to the District Court.
And if in appeals from the Justice to the County Court the notice is
not necessary to perfect the appeal for the reason that the statute is
not so written, as held in Edwards v. Morton, what warrant can there
be for applying a different rule to probate appeals from the County
to the District Court where the statutes enacted for their regulation
likewise fail to impose any such requirement?

Smithwick v. Kelly was referred to with approval upon this ques-
tion in Western Union Telegraph Co. v. O'Keefe, 87 Texas, 423, 28
S. W., 945, and it was there construed as an express decision that a
failure to give the notice is fatal to the jurisdiction of the appellate
court.  That feature of the case produced by the omission to duly file
a bond in the attempted appeal there considered, and its probable effect
upon the decision, were not adverted to.  Nor was it noticed that the
failure to duly file the bond was alone sufficient to defeat that appeal,
if, as the court evidently thought, it was one attempted to be prose-
cuted by the executors for the protection of their personal interests.

Western Union Telegraph Co. v. O'Keefe involved an appeal from
the District Court to the Court of Civil Appeals.  In such cases the
statute then expressly required, as it does now, that notice of the appeal
be given in the District Court; and it was accordingly held that such
notice was necessary in the appeal there under review.  In the opinion
this statement appears:

"We have been unable to find in the decisions of this court any inti-
mation that notice of appeal is not necessary to the jurisdiction of the
appellate court in all cases which are sought to be brought before it by
direct appeal.  On the contrary, it has been frequently asserted, in
effect, that notice is jurisdictional and that it can not be waived."

In addition to Smithwick v. Kelly, the following cases are thereupon
cited in the opinion:  Manlove v. Kinney, Dallam, 493; Burr v.
Lewis, 6 Texas, 76; Bennett v. Spillars, 7 Texas, 600; Hughes v. State,
33 Texas, 683; Thomas v. Childs, 36 Texas, 148; Holek v. Varona,
63 Texas, 65; Nickerson v. Nickerson, 5 Texas Law Review, 52, and
Loftin v. Nalley, 28 Texas, 127.  Each of these cases concerned an

appeal attempted to be prosecuted to the Supreme Court, under statutes plainly providing for the giving of notice of appeal in the lower court.

It may be doubted whether the foregoing statement in the opinion in Western Union Telegraph Co. v. O'Keefe was intended to apply to any other appeals than those in which it is required by statute that the notice shall be given in order to perfect the appeal, since the appeal under consideration was of that character; though the holding in Smithwick v. Kelly is referred to as authoritative.

Because of its not being necessary to the decision of the actual question involved in either Smithwick v. Kelly or Western Union Telegraph Co. v. O'Keefe, and the evident hesitation of the court in the former case to overrule Glenn v. Kimbrough, we are disinclined to believe that it was the purpose in those cases to announce, as a general rule, that to perfect any appeal known to our practice it is necessary to give notice of the appeal, notwithstanding the statutory method prescribed for the particular appeal,—which omits any such requirement,—is strictly complied with. If any such holding is to be inferred or deduced from the opinion in either case, it is in manifest conflict with the later announcement of the court in Edwards v. Morton, and must yield to that decision. The opinion in the latter case is unequivocal in its declaration that the constitutional right of appeal is not to be denied because of a failure to do anything which the statute governing the particular appeal does not require; but the appeal is to be allowed when its provisions are complied with. It, therefore, settles this question.

Any other view in its result deprives the practice of all the stability and dependence of the method formulated by the Legislature for the government of the particular appeal, and provided by it as a reliable rule of procedure. A statute should not be suffered "to hold the word of promise to the ear, and then break it to the hope." Where it declares that a certain right shall exist when its provisions are observed, it should be taken at its word; and the fulfillment of its requirements should operate to perfect, and not defeat, the right.

An appeal bond was duly filed in the present case as provided by article 3632. This was a compliance with the provisions of chapter 32, and according to article 3631 gave to the plaintiff in error her right of appeal.

The judgments of the Court of Civil Appeals and District Court are reversed, and the case is remanded to the District Court for trial on the appeal.