**MITCHELL et al. v. REITZ.     (No. 618–4369.)**

(Commission of Appeals of Texas, Section B. April 14, 1926.)

**1. Appeal and error ⚖➡843(1).**

Respective rights of interested contending parties in judgment entered by Court of Civil Appeals and in agreement settling the controversy cannot be tried out in Commission of Appeals.

**2. Appeal and error ⚖➡781(6)—Settlement after granting writs of error held to make controversy moot, and writs should be dismissed without decision on merits.**

Where parties agree to settlement of controversy after being granted writs of error from judgment of Court of Civil Appeals, controversy thereby becomes moot, and writs of error should be dismissed without decision on merits.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by. M. J. Reitz against Edwin J. Mitchell and others. Judgment of the Court of Civil Appeals (269 S. W. 279) affirmed a judgment for plaintiff, and both parties were granted writs of error. An agreement was submitted, settling the controversy and stipulating for dismissal of the action. Writs of error dismissed.

Howell Johnson, of Ft. Stockton, John B. Howard, of El Paso, O. W. Williams, of Ft. Stockton, Collins & Jackson, of El Paso, and W. A. Wright, of San Angelo, for plaintiffs in error.

Kemp & Nagle, of El Paso, R. D. Bloydes, of Ft. Stockton, and W. E. Hazard, of Rochester, N. Y., for defendant in error.

SPEER, J. The Court of Civil Appeals affirmed a judgment of the district court of Pecos county wherein defendant in error recovered certain lands from plaintiffs in error conditioned upon his repaying to plaintiffs in error certain expenditures by way of interest and taxes made by plaintiffs in error. 269 S. W. 279. A writ of error was granted upon the application of Edwin J. Mitchell et al., and, in accordance with the usual practice, the application of defendant in error Reitz was also granted.

The cause was submitted in this court upon March 12, at which time there was also submitted an agreement reciting that all parties to the cause had mutually agreed upon a settlement of the matters in controversy, and stipulating that the cause may be dismissed at the cost of the said Edwin J. Mitchell et al. This agreement was signed by counsel for plaintiffs in error Mitchell et al., and was likewise signed by P. M. Morgan, attorney for Lillian W. Reitz, community survivor of M. J. Reitz. Accompanying the agreed motion were letters testamentary from the county court of Pecos county appointing Lillian W. Reitz community survivor of the estate of M. J. Reitz, deceased, and a power of attorney executed by Lillian W. Reitz authorizing P. N. Morgan to settle, compromise, and dispose of any and all suits and litigation now pending in the courts of the state of Texas, and to compromise all claims to title and possession of any and all lands owned by or in which she or the said estate of herself and husband, M. J. Reitz, deceased, are in any way interested.

Counsel for M. J. Reitz, deceased, who have represented him throughout the litigation, did not sign this agreement, and are now resisting the motion to dismiss. They assert facts which show a pecuniary interest in the judgment, and that the agreed settlement had been made without their consent or knowledge.

[1, 2] This court is not a proper place to try out the respective rights of the interested contending parties. We know of no reason why plaintiffs in error Edwin J. Mitchell et

al. should not be dismissed upon their request, at least as to their writ of error. The writ of M. J. Reitz, being dependent upon that writ, as having been granted of course, might therefore also be dismissed. But whether so or not, it is plain the controversy between the parties to the record is now moot, and the time of the Supreme Court should not be taken with deciding the matters herein presented. We think the writs of error should be dismissed without any effort to decide the merits whatsoever. This leaves the judgments of both courts below intact, and the contending parties are not without their remedy to establish their respective rights to the property involved.

We therefore recommend under the facts disclosed that both writs of error heretofore granted be dismissed.

GREENWOOD and PIERSON, JJ. Writs of error dismissed, as recommended by the Commission of Appeals.