Patrick A. TURCOTTE et al., Appellants,

v.

ALICE NATIONAL BANK et al., Appellees.

No. 4399.

Court of Civil Appeals of Texas.

Waco.

Sept. 16, 1965.

Rehearing Denied Oct. 7, 1965.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, William C. Wright, Laredo, Burch Downman, Houston, for appellants.

Kenneth Oden, Alice, Horkin, Nicolas & Nicolas, Corpus Christi, Waggoner Carr, Atty. Gen. of Texas, Austin, Elmore H. Borchers, Laredo, Baker, Botts, Shepherd & Coates, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment of the District Court of Kenedy County, dissolving a temporary injunction theretofore granted by the County Judge of Kenedy County in a will contest pending on the probate docket of the County Court of Kenedy County.

Appellants are contestants of the will of Sarita K. East, deceased, and appellees are proponents of such will in Cause 348 pending on the docket of the County Court of Kenedy County.

Upon application of appellants herein, in the will contest, the County Judge granted a temporary injunction enjoining appellees from filing in any District Court in Texas any legal proceeding in the nature of mandamus, prohibition, restraining order or injunction, which seeks to prevent the County Court from enforcing any orders theretofore made with respect to deposition and discovery proceedings pending, or which seeks to interfere with any action hereafter taken by the County Court to determine deposition and discovery proceedings in the pending will contest.

Appellees gave notice of appeal from the granting of such temporary injunction to the District Court of Kenedy County. After the appeal had been docketed in the District Court, appellants moved to dismiss such appeal for want of jurisdiction of the District Court. Such motion was overruled by the District Court.

On trial de novo in the District Court, judgment was rendered dissolving the temporary injunction granted by the County Judge in the will contest proceeding.

Appellants appeal, contending the District Court was without jurisdiction of the appeal from the County Court.

Appellants assert that an appeal from an order of the County Court granting a temporary injunction (in a probate case) can only be made directly to the Court of Civil Appeals by virtue of Articles 2251 and 4662, Vernon's Ann.Tex.Civ.St.

Article 2251 provides:

"Appeals in injunctions. Appeals from orders of the district and county courts granting or dissolving temporary injunctions shall lie in the cases and in the manner provided in the title 'Injunctions.'"

Article 4662 (a part of the title "Injunctions") provides:

"Appeals. Any party to a civil suit wherein a temporary injunction may be granted * * * may appeal from such order or judgment to the Court of Civil Appeals * * *."

■ An order in a probate case which is interlocutory is normally not appealable. Fischer v. Williams, 160 Tex. 342, 331 S.W. 2d 210. However, Article 2251, V.A.T.S. "Appeals in injunctions," provides that appeals from orders of the County Courts granting temporary injunctions shall lie. It is true that such statute further provides "and in the manner provided in the title 'Injunctions,'" and that such title (Article 4662) provides for appeal to the Court of Civil Appeals.

Nevertheless, Article 5, Section 8, Constitution of Texas, Vernon's Ann.St., provides: "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court * * *"; and Section 28 of the Probate Code provides: "Right of Appeal. Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the (County) court shall have the right of appeal therefrom to the district court of the county. * * *" (Almost identical to Art. 3631, R.C.S.1911). Section 12 of the Texas Rules of Civil Procedure, Rules 332 through 351 prescribe the procedure for review by District Courts of County Court Rulings in probate matters which are appealable.

■ The effect of Section 28 Probate Code, V.A.T.S. (and Section 12, T.R.C.P.) is to exempt appeals in probate cases from

the regulation of any general provisions of law (as Article 4662), and to impose for their perfection compliance with Section 28 (and Section 12, T.R.C.P.), as the sum of procedure necessary to be observed. Moreover, the statutory mode of appeal provided for a particular class of cases is alone to be consulted for the procedure necessary in the appeal of cases of that class. Beversdorff v. Dienger, 107 Tex. 88, 174 S.W. 576; Edwards v. Morton, 92 Tex. 152, 46 S.W. 792.

█ Since the appeal herein was an appealable order in a probate case, the procedure prescribed in the Probate Code applies, and the District Court has jurisdiction.

Appellants' points and contentions are overruled.

Affirmed.