Patrick A. **TURCOTTE** et al., Petitioners,

v.

**ALICE NATIONAL BANK** et al., Respondents.

No. A–11089.

Supreme Court of Texas.

May 4, 1966.

Rehearing Denied June 1, 1966.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, E. Jack Cook, Kingsville, William C. Wright, Roberto M. Benavides, Tom N. Goodwin and John E. Fitzgibbon, Laredo, Burch Downman, Houston, for petitioners.

Waggoner Carr, Atty. Gen., Austin, Baker, Botts, Shepherd & Coates, Houston, Horkin, Nicolas & Nicolas, Corpus Christi, Elmore H. Borchers, Laredo, Perkins, Floyd, Davis & Oden, Alice, for respondents.

NORVELL, Justice.

The question in this case is whether an appeal from a temporary injunction issued by a County Judge sitting in probate lies to the Court of Civil Appeals or to the District Court.

The petitioners seek to set aside the order probating a will bearing date of January 22, 1960 and certain codicils thereto, executed by Sarita Kenedy East. The respondents are the proponents of said will. On June 25, 1964, the Honorable William R. Edwards, Special County Judge of Kenedy County, sitting in said probate cause, issued a temporary injunction enjoining respondents from taking any action in a District Court of the State of Texas which would interfere with the County Court's enforcement of any orders theretofore or thereafter entered by it. From this order, an appeal was prosecuted to the District Court of Kenedy County. Petitioners filed a motion to dismiss the appeal because of a want of District Court jurisdiction. This was overruled by the District Judge who assumed jurisdiction and rendered judgment vacating the temporary injunction. The Court of Civil Appeals affirmed. 394 S.W.2d 228.

In our opinion, an appeal from a temporary injunction in probate lies to the Court of Civil Appeals rather than to the District Court.

Article 2251, Vernon's Ann.Tex.Civ. Stats., provides:

"Appeals from orders of the district and county courts granting or dissolving temporary injunctions shall lie in the cases and in the manner provided in the title 'Injunctions.'"

Article 4662, which is part of Title 76 relating to Injunctions, provides in part that:

"Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or over-ruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Civil Appeals. * * * Such case may be advanced in

the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending therein."

A substantial portion of Article 4662 of the 1925 Revised Statutes has been rewritten in rule form. Rule 385 provides:

"Appeals from interlocutory orders (when allowed by law) may be taken by

"(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, in an amount and to be approved and conditioned as required by the rules governing appeals generally; and

"(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof. * * *"

"(d) Where the appeal is from an order granting or refusing a temporary injunction, or granting or overruling a motion to dissolve such an injunction, the cause may be heard in the Court of Civil Appeals or the Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below. Such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge entering the order. * * *"

The respondents urge that regardless of whether the temporary injunction issued by the Special County Judge would be appealable as a decision, order or decree finally disposing of and conclusive of an issue or controverted question in a probate cause under the rule laid down by this Court in Fischer v. Williams, 160 Tex. 342, 331 S.W. 2d 210 (1960), such order is rendered appealable by the provisions of Article 2251. They say, however, that despite the direction that appeals from orders granting or dissolving temporary injunctions shall be controlled by the Title relating to Injunctions, such appeals go to the District Court in accordance with that section of the Rules of Civil Procedure relating to "Review by District Courts of County Court Rulings".

We are unable to agree with this position. While a temporary injunction may be issued in a suit where the final relief sought is a perpetual injunction, its use is by no means restricted to the injunction suit. The temporary writ may be and usually is issued in connection with any species of litigation where it is necessary to preserve the status quo pending a final adjudication of the rights of the parties. This being the usual purpose of the writ, we may examine the provisions of the injunction statute and rules ancillary thereto and compare them with the provision contained in the probate code relied upon by respondents, keeping such purpose in mind.

It is respondents' position, accepted by the Court of Civil Appeals, that Section 28, Vernon's Ann. Probate Code, taken with Rules 332 to 339, incl. (Section 12, Review by District Courts of County Court Rulings), of the Texas Rules of Civil Procedure, controls over the provisions of said Articles 2251 and 4662 relating to injunctions.

Section 28 of the Probate Code provides:

"Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county. Pending appeals from orders or judgments appointing administrators or guardians or temporary administrators or guardians, the appointees shall continue to act as such and shall continue the prosecution of any suits then pending in favor of the estate. If on appeal from the county court, a different administrator or guardian is ap-

pointed, he shall be substituted in such suits."

Rule 335 reads as follows:

"The appeal shall suspend the decision, order, decree or judgment, or the designated portion thereof appealed from, except as may be otherwise expressly provided by law; and further provided, that no appeal under Rule 334 shall suspend any decision, order, decree or judgment, or any designated portion thereof, unless so ordered by the probate or county court."

An appeal bond was filed in this case.

Rule 385, par. (d), provides that, "Such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court judge entering the order". An appeal under the injunction provisions is heard "on bill and answer and such affidavits and evidence as may be admitted by the judge of the court below," and such cases are given a statutory priority and hearings thereon may be advanced.

On the other hand, if the provisions of the probate code be followed, the appeal would operate to suspend the temporary injunction and the matter would have to be considered anew by the District Court.

It seems that the effectiveness of the temporary injunction which has for its purpose the maintaining of the status quo pending final hearing could be readily defeated by taking an appeal to the District Court. In our opinion, the Legislature did not intend that appeals from temporary injunctions should be controlled by the provisions of the probate code. The remedy is specially provided for by statutory enactment and the procedure relating thereto is controlled by such statutes and the Rules of Civil Procedure relating thereto.

We recognize that a problem exists as to whether a temporary injunction issued in a probate cause should be considered simply as another order in probate or as an injunction and subject to the appellate rules applicable to injunctions. This problem to our minds is solved by giving consideration to the ends and purposes which the temporary injunction is intended to serve. The statutory and rule plan for issuing and appealing a temporary injunction is efficient and effective and there exists no compelling reason from a practical standpoint why such statutes and rules should not also apply to the temporary injunctions issued in probate proceedings. Cf. Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927).

In their briefs, the respondents place chief reliance upon Beversdorff v. Dienger, 107 Tex. 88, 174 S.W. 576 (1915), and Allred v. Beggs, 125 Tex. 584, 84 S.W.2d 223 (1935). A temporary injunction was not involved in *Beversdorff*. The appeal was from an order probating a will, of which the District Court admittedly had jurisdiction. The question was whether a notice of appeal was essential to invoke such jurisdiction. This Court held that it was not. In Allred v. Beggs, this Court considered an appeal from a temporary injunction issued by a *District Court* against an independent executor. The appeal was to the Court of Civil Appeals and thence to this Court by writ of error. There was no question of an appeal to a District Court in the case.

We hold that an appeal from a temporary injunction issued by a County Judge, sitting in a probate matter designed to protect his jurisdiction, lies to the Court of Civil Appeals.

The judgments of the District Court and the Court of Civil Appeals are reversed and judgment here rendered dismissing the attempted appeal to the District Court for want of jurisdiction.

Judgments reversed and appeal dismissed.