ALICE NATIONAL BANK et al., Appellants,

v.

Raul TREVINO et al., Appellees.

No. 7067.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 11, 1969.

**238**

Perkins, Floyd, Davis & Oden, Alice, for appellants.

Frank Nesbitt, Corpus Christi, William C. Wright, Laredo, for appellees.

KEITH, Justice.

Alice National Bank (hereinafter referred to as "Alice Bank") has appealed from a summary judgment of the District Court of Kenedy County, dismissing its writ of certiorari wherein the Bank had sought to set aside an order of the County Court, entered on January 16, 1964, appointing one Arnold Garcia as Temporary Administrator of the Estate of Sarita Kenedy East, Deceased. This is still another of the series of appeals involving peripheral issues arising from the probate proceedings on the Estate of Mrs. East who died on February 11, 1961. Justice Hamilton, in the latest opinion by the Supreme Court, Corpus Christi Bank & Trust v. Alice Nat. Bank, 444 S.W.2d 632 (July 30, 1969), made a factual statement of the case which is equally applicable here and we reproduce it, italicizing the particular dates important to our case:

"Alice National Bank has been acting as the independent executor of the estate of Sarita Kenedy East, who died on February 11, 1961. Since that date, there has been much litigation over the dis-

position of Mrs. East's estate. See Turcotte v. Alice National Bank, 402 S.W.2d 894 (Tex.Sup.1966), reversing 394 S.W.2d 228 (Tex.Civ.App.—Waco, 1965).[1] This particular dispute arises between the independent executor and a temporary administrator over possession of the estate properties. For purposes of this case, the controlling and undisputed facts can be set forth succinctly.

"On January 22, 1960, Mrs. East executed a will, to which she added four codicils. In this will, respondent Alice National Bank and two individuals now deceased were named as independent executors of the estate without bond. On March 6, 1961, the 1960 will was admitted to probate without contest, and Alice National Bank qualified and commenced to serve as an independent executor. On June 5, 1961, an order of the probate court approved the inventory, appraisement, and list of claims prepared by the independent executors.

"On July 25, 1962, a number of Mrs. East's heirs at law filed suit to set aside the probate of the 1960 will; on January 8, 1964, in this same proceeding, an application to probate a will executed by Mrs. East in 1948 was filed. Also on *January 8, 1964,* some contestants of the 1960 will applied to the probate court for the appointment of a temporary administrator for the purpose of filing suits to cancel royalty assignments executed by Mrs. East to the John G. and Maria Stella Kenedy Memorial Foundation during her lifetime. The probate court made this appointment on *January 16, 1964.* On *October 7, 1965,* petitioner Corpus Christi Bank & Trust was appointed successor temporary administrator for this purpose."

Although the Bank filed written objections to the appointment of Garcia, it did not take a direct appeal from the action of the County Court in making the appoint-

---

[1]. To this list of cognate decisions, we add that of Alice Nat. Bank v. Edwards, 408 S.W.2d 307 (Corpus Christi, Tex.Civ. App., 1966, no writ).

ment. Immediately following the entry of the order, Garcia duly qualified by filing his oath and bond, and then proceeded to file a suit in the District Court of Kenedy County to set aside certain royalty assignments which Mrs. East had executed and delivered during her lifetime to The John G. and Maria Stella Kenedy Memorial Foundation (hereinafter called "Foundation"). After pleas of privilege had been filed and controverted, the District Court entered an order granting Garcia, as plaintiff, a temporary injunction in effect prohibiting the Foundation from removing the assets of the Foundation from the State pending the trial on the merits of the case. The District Court then ordered the case held in abeyance pending the determination of the validity of the wills involved in the basic litigation.[2]

Thereupon, Garcia tendered his application to resign as Temporary Administrator of Mrs. East's Estate, filed his final account, and, after a contest filed by the Alice National Bank, an order was entered approving Garcia's final account and discharging him as temporary administrator. This order was dated September 7, 1965, and on October 7, 1965, the County Judge appointed Corpus Christi Bank & Trust (hereinafter referred to as "Corpus Christi Bank") as successor Temporary Administrator to the said Garcia. *An appeal was duly perfected from the second order of the Probate Court and such appeal is now pending on the docket of the District Court of Kenedy County, and has not yet been tried.*[3]

Insofar as we can determine from the record before us, Garcia has had no other official connection with the East Estate

except for his participation in this pending facet of the matter to which we now turn.

On January 14, 1966, two days short of two years from the date the Probate Judge appointed Garcia as Temporary Administrator, Alice Bank filed its application for the writ of certiorari in the District Court wherein it set out (pursuant to Rule 344, Texas Rules of Civil Procedure) the alleged error of the Probate Judge which it sought to review:

"The error of the probate court in such proceeding was in appointing Arnold Garcia as Temporary Administrator of the estate of Sarita K. East, Deceased, when the probate court had no power or authority to make such appointment."

This referred to the order of January 16, 1964, and no other question was presented in the application for the writ of certiorari.

The District Judge fixed the amount of the bond, Rule 345, T.R.C.P., which was filed and the writ of certiorari duly issued and was served on January 15, 1966. The offices of county and district clerks are combined in Kenedy County and the writ was issued by and to the same individual, commanding her "immediately make out a certified transcript of the proceedings designated in the writ and immediately transmit the same to the district court * * *." Rule 347, T.R.C.P. No such transcript was filed until March 15, 1968.

The application for the writ of certiorari filed by Alice Bank named several individuals, including Garcia, his bondsmen, and Corpus Christi Bank as parties "adversely interested" in the proceeding (Rule 344, T.R.C.P.) and citation duly issued, was served upon these parties, and appropriate

---

2. The Foundation being the residuary legatee in the 1960 will, if it were finally admitted to probate as the last will of Mrs. East, the suit to set aside the inter vivos gifts involved in Garcia's litigation would be moot; the contrary, however, would be true if the 1948 will was found to be valid and was admitted to probate. We do not find it necessary to comment upon the need or necessity of

the institution of this suit. Cf. Buchanan v. Davis, 43 S.W.2d 279, 283 (Waco, Tex. Civ.App., 1931), affirmed, 60 S.W.2d 192 (Tex.Com.App., 1933, holdings approved).

3. Upon submission of this cause, counsel for the parties readily admitted that this statement taken from the Bank's brief is true and we accept the stipulation in lieu of a factual basis in the transcript.

answers timely filed. The application also listed more than seventy other persons, presumably contestants of the 1960 will, proponents of the 1948 will, or heirs of Mrs. East, as parties "adversely interested" in the proceeding. No process was issued as to these parties, no appearance was made, and they were not before the District Court nor are they before this court.

On March 15, 1968, Corpus Christi Bank filed a motion to dismiss the certiorari proceedings because of mootness; but in the final order of dismissal of the case, to which we will soon turn, the motion was denied. No appeal was perfected nor is any complaint made as to this ruling of the trial court. Corpus Christi Bank, however, being an appellee in this case, has filed a motion to dismiss the appeal because of mootness. In view of the disposition which we make of the case, we do not pass directly upon this motion and no further notice will be taken thereof. On March 1, 1968, and at a time when there was no transcript of the proceeding on file in the District Court, the appellees, Turcotte, et al., filed a motion for summary judgment in very general terms [4] which was supported by counsel's affidavit to the effect that he had "personally examined and inspected the official file of the *District Clerk* of Kenedy County, Texas, in the above styled and numbered cause," was completely familiar with the instruments, and attached to the motion "true and correct photocopies of each and every written instrument of every kind and nature appearing in said official file of said *District Clerk* at the time the said Motion" was filed.[5] The Court promptly set the motion for hearing for March 15, 1968.

On the date set for the hearing on the motion for summary judgment, a transcript of the proceedings was, for the first time, filed in the District Court, the cover showing that it had been applied for by counsel for Alice Bank on the previous day. Alice Bank also filed, on March 15, 1969, a supplemental pleading denying abandonment of the proceeding (apparently anticipating the undisclosed thrust of the motion for summary judgment) which was supported by counsel's affidavit. Counsel for appellees, by affidavit, denied some of the statements in the supporting affidavit of Alice Bank, particularly those with reference to abandonment. We have no authority to decide disputed fact issues in summary judgment proceedings. Such statements of counsel, being wholly immaterial to the disposition of the case, are, therefore, not reached.

The District Court granted the motion and entered judgment dismissing the cause. This appeal, duly perfected to the Court of Civil Appeals at Corpus Christi, has been transferred by the Supreme Court for our determination. We held up submission of the cause pending a decision in Corpus Christi Bank & Trust v. Alice Nat. Bank, supra.

It is readily apparent from our lengthy statement of the background of this case that the live dispute between the parties is not the appointment of Garcia as Temporary Administrator, but the appointment of the Corpus Christi Bank as successor Temporary Administrator, vice Garcia. No order we could enter, or the District Court on remand, would be effective as to Garcia, except insofar as it determined the validity of his original appointment. No

---

4. The operative part of the motion contained these words only: " * * * all of the pleadings, documents, and other instruments in writing which are on file among the papers of *this* cause affirmatively show that these Defendants are entitled to such judgment as a matter of law." (All emphasis herein has been supplied unless otherwise indicated.)

5. We note, in passing, that the affidavit is probably incorrect and the reference should have been to the probate or County Court since it appears that there was no transcript on file in the *District* Court at the time the affidavit was made.

complaint is made of any of Garcia's acts as Temporary Administrator. Garcia is not now, nor was he at the time the application for the certiorari was originally filed, a representative of Mrs. East's estate.[6] Whatever power he had originally been granted had been surrendered and he had been relieved of any further responsibility to the estate long before the jurisdiction of the District Court was invoked. Alice Bank seeks an advisory opinion on a set of facts which were moot at the time it sought the review.

Courts do not sit to decide cases of abstract legal interest. There is no substance to this appeal [it was suggested on oral submission that the parties might be fighting over an empty barrel] and all relief sought by Alice Bank in this proceeding could and should be procured in the District Court appeal from the order appointing Corpus Christi Bank as successor temporary administrator. It is crystal clear in this record that our decision can have no effect upon the substantive rights of the parties, whichever way it might go. It was said in McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, 333 (1930):

"Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments."

See also: California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960), involving the Declaratory Judgments Act; Burnett v. Tipton, 89 S.W.2d 440, 443 (Eastland, Tex. Civ.App., 1935, error dism.); Mitchell v. Reitz, 281 S.W. 1044, 1045 (Tex.Com.App., 1926); 5 Am.Jur.2d, Appeal & Error, § 761, p. 203.

The judgment of the trial court, dismissing the cause, was the proper one for

entry under the circumstances. Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958); Blanton v. City of Houston, 163 Tex. 224, 353 S.W.2d 412 (1962).

We do not reach and do not express any opinion upon the merits, if any, of the controversy presented; nor is this opinion in any manner determinative of the rights of the parties in the pending appeal from the order appointing Corpus Christi Bank as the temporary substitute administrator. No facet of that case is before us. The summary judgment of the trial court dismissing the writ of certiorari, under the circumstances of this case, was right and is in all things affirmed.

---

6. The contention advanced by Alice Bank that the lack of authority of the probate court to appoint Garcia has been answered by the most recent decision of the Supreme Court is a matter which

we do not find necessary to our decision. Assuming, however, that such a favorable decision has been obtained, such fact cannot breathe vitality into a legal corpse such as we have here.