Harkness, Friedman & Kusin, B. A. Britt, Jr., Texarkana, for petitioner.

Guy E. Jones, Texarkana, for respondents.

James C. CROW, Petitioner,

v.

Eugene D. BATCHELOR et ux., Respondents.

No. B-1883.

Supreme Court of Texas.

March 4, 1970.

ON APPLICATION FOR
WRIT OF ERROR

PER CURIAM.

This is an appeal from an order granting a temporary injunction. The Court of Civil Appeals observed that neither the original appeal bond nor an amended bond filed by appellant complies with the Rules of Civil Procedure. It apparently concluded that the bond is subject to further amendment under the provisions of Rule 430, but the appeal was dismissed because appellant had not given notice of appeal. 451 S.W. 2d 793.

The procedure for taking an appeal from an interlocutory order is prescribed by Rule 385, which does not require notice of appeal. It is for this rea-

son that notice is not required in an appeal from an interlocutory order. See Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687 (no writ); City of Fort Worth v. First Baptist Church of Fort Worth, Tex.Civ.App., 268 S.W. 1016 (no writ); McDonald, Texas Civil Practice § 18.31, p. 1505. In Beversdorf v. Dienger, 107 Tex. 88, 174 S.W. 576, it was pointed out that:

"Edwards v. Morton [92 Tex. 152, 46 S.W. 792] stands in our decisions as an emphatic declaration that the statutory mode of appeal provided for a particular class of cases is alone to be consulted for the procedure necessary in the appeal of cases of that class, and where it is silent in respect to the giving of notice of appeal courts have no authority to impose such a requirement as a condition of the right."

Under the provisions of Rule 483, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion. It is further ordered that the opinion of the Court of Civil Appeals be published.