**CLARK'S TEXAS, INC., et al., Appellants,**

**v.**

**Mary STEWART, Appellee.**

**No. 5004.**

Court of Civil Appeals of Texas, Waco.

April 15, 1971.

Rehearing Denied May 6, 1971.

Berman, Fichtner & Mitchell, Abney & Burleson, Dallas, for appellants.

Matthews & Thorp, Dallas, for appellee.

OPINION

HALL, Justice.

Appellee, Mary Stewart, brought this action to enjoin an asserted violation of Article 286a, Vernon's Annotated Texas Penal Code. There are two individual defendants: Robert Ward and Charles Frum; and there are six corporate defendants: Clark's Texas, Inc., Cook United of Texas,

Inc., Sundaco, Inc., Clark's Arlington, Inc., Cook United, Inc., and M. N. Landau Stores, Inc. It is alleged in plaintiff's petition that the last two defendants named are doing business as "Cook's Discount Department Store" and "Cook's Department Store."

The trial court granted a restraining order, and, after hearing, granted the temporary injunction sought by plaintiff. Hence this appeal by all of the defendants.

■ In the beginning we are called upon to decide appellee's motion to dismiss the appeal as to some, or all, of the appellants. She seeks dismissal as to three of the corporate appellants because of their failure to give notice of appeal from the order of temporary injunction.

Rule 385, Texas Rules of Civil Procedure, prescribes the procedure for taking an appeal from an interlocutory order, and notice of appeal is not required. Crow v. Batchelor, (Tex.Sup., 1970) 453 S.W.2d 297, 298.

■ The order granting the temporary injunction was rendered on December 5, 1970. On December 10, 1970, all of the appellants in this case jointly filed a motion to dissolve the injunction. The motion to dissolve was heard on December 11th and overruled on December 16th. Appellee asks that the appeal be dismissed as to all appellants, contending that they have "elected to proceed by motion to dissolve injunction, which is a separate remedy, inconsistent with an appeal from the order granting temporary injunction" and that, having made an election, "they are bound thereby."

There is authority for the principle that "where an appeal is taken from an order overruling a motion to dissolve a temporary injunction it constitutes an election to waive the right to appeal from the order granting the injunction, and vice versa." See Plateau Oil Co. v. Choate Oil Corporation, (Tex.

Civ.App., 1921, writ dism.) 235 S.W. 686; Lowe and Archer, 6 Texas Practice 387–8, Injunctions And Other Extraordinary Proceedings, Sec. 363, and cases cited therein. Nevertheless, we do not believe that rule has application, here. The only matters in the record relating to the motion to dissolve are contained in a supplemental transcript filed by the appellants. It does not contain an appeal bond or supersedeas bond, relating to the motion, as required by Rule 385. Therefore, appellants have failed to perfect an appeal from the order overruling the motion to dissolve injunction; and, though they base two points of error on the order, they cannot be heard to complain about it. We agree with appellants that the purpose of the general rule prohibiting an appeal from both an order of temporary injunction and an order overruling a motion to dissolve the injunction is not to deny a litigant his right of review, but, rather, is to prevent a review of the same matter twice.

Appellee's motion to dismiss is overruled.

■ Appellants have four points of error devoted to the proposition that the injunction should be set aside insofar as it relates to appellants Sundaco, Inc., M. N. Landau Stores, Inc., and Cook United, Inc., because they were not served with citation or other sufficient notice of the hearing on the temporary injunction, and were not, therefore, properly before the court.

If this contention was arguable when the trial began, (which, under the record, we doubt) it became moot with the filing of the motion to dissolve injunction. That motion recites that it is filed by "all of the defendants" in the case, and is signed by the attorney who now insists that Sundaco, Inc., M. N. Landau Stores, Inc., and Cook United, Inc., were not properly before the court. We overrule that contention. Insofar as the record shows, the motion was filed while the temporary injunction was still pending in the trial court. If, as they claim, these appellants had not been served with notice,

then their joinder with the other defendants in filing the motion to dissolve injunction at a time when the matter was still before the court constituted a general appearance by them in the case; gave them notice of the injunction; and rendered them amenable to its provisions if it is otherwise valid.

Article 286a of the Penal Code provides in part that it is unlawful and a public nuisance (with certain exceptions) for any individual, partnership, or corporation to sell or offer for sale, or compel or force or oblige their employees to sell, certain named items of merchandise "on both the two (2) consecutive days of Saturday and Sunday." The article authorizes any person to apply to any court of competent jurisdiction for and obtain an injunction restraining a violation of its provisions.

In her petition for injunction, appellee alleged that the defendants "are not separate entities in truth and in fact, but have been made to appear as such for purposes of circumventing the laws of the State of Texas;" that the defendants "separately and in active concert with each other," violated article 286a in the manner particularized in her pleading; that the violations did not fall within any exceptions to the article; and that the defendants are "scheming and conspiring together" to continue violating article 286a.

█ In the order granting the temporary injunction, the court found that "the conduct of defendants is such that the separate corporate entities of the corporate defendants have not been respected and maintained; that all of said defendants are under common control and that each defendant has and is acting in concert each with the other" in "knowing violation" of article 286a; and that the corporate defendants have been and are doing business as Cook's Discount Department Store. By several points of error, the defendants contend there is no evidence to support these findings. We overrule these contentions.

There is probative evidence in the record that M. N. Landau Stores, Inc., owns Clark's Arlington, Inc., Clark's Texas, Inc., and Cook United of Texas, Inc.; or that M. N. Landau Stores, Inc., and Cook United, Inc., own Clark's Texas, Inc., and Clark's Arlington, Inc.; that the home offices of M. N. Landau Stores, Inc., and Cook United, Inc., are in Cleveland, Ohio; that an officer and director of M. N. Landau Stores, Inc., owns at least one-third of Sundaco, Inc.; that, according to state store license applications, the addresses of Sundaco's stores are identical with those of Cook United of Texas, Inc., and Clark's Arlington, Inc., and with those of stores of Clark's Texas, Inc., situated across the state; that the defendants Ward and Frum are managers of stores owned by Cook's United, Inc.; that these stores have large immovable signs outside advertising them as "Cook's Discount Department Store" at all times; that checks given to Cook's Discount Department Stores are indorsed for deposit by Cook United of Texas, Inc.; that every Sunday a large sign is placed on the front door of these stores and smaller signs are "scattered throughout the stores" advertising them as "Sundaco" stores; that the "Sundaco" signs are not exhibited on any other day of the week; that, as between Sundaco and the other stores there is the use of common employees, the commingling and common use of cash register funds, the display and sale of the same merchandise in the same stores on Saturdays and Sundays, the making available of keys to the premises, the preparation of bank deposits for Sundaco by Cook United employees, the payment of wages to Sundaco by Cook United employees, pursuant to checks delivered to Cook United employees, the preparation of sales records for Sundaco by Cook United employees, and the giving of cash refunds during the week by Cook United employees for merchandise purchased on Sunday from Sundaco; that all cash registers in all stores make a "data" tape—a punched tape which is made to be inserted into a computer —which registers each sale made and the department in the store from which the merchandise was sold; and that these tapes are made every day of the week, including

Sunday, and then sent to the home office of Cook United, Inc., in Cleveland, Ohio.

Ward testified that no new merchandise is brought into the stores on Sunday by Sundaco, and that none is taken out by Sundaco at the end of the day on Sunday. He testified that "no inventory is made of the goods that are left in the stores on Saturday for Sundaco to sell on Sunday," and that "no inventory is made of the goods that are left at the end of Sunday to be used on Monday."

We hold that the evidence we have recited is legally sufficient to support the trial court's findings.

Appellants seek reversal on the grounds that appellee "had no standing before the court to bring such action;" and that there is no evidence of injury or prospective injury peculiar to her. We overrule these points.

Article 286a clearly authorizes "any person" to seek an injunction restraining a violation of its provisions. Moreover, "this statute itself declares the injury," stamps a violation thereof a *public nuisance,* and "the finding of the violation is itself a finding of injury." The State of Texas v. Cook United, Inc., (Tex.Sup., 1971) 464 S.W.2d 105, 107.

The appellants Ward and Frum complain that there is no evidence that either of them, individually, violated article 286a. Whether or not they did so does not affect the issuance of the injunction. Rule 683, Texas Rules of Civil Procedure, expressly provides that an order granting an injunction is binding "upon the parties to the action, their officers, agents, servants, employees * * *." Ward and Frum are admitted employees of Cook United, Inc. They are answerable to the temporary injunction and have suffered no prejudice by being named in it.

To secure the temporary injunction, appellee was not required to show an absolute right to prevail; it was necessary that she show a probable right to permanent relief and probable injury to that right without the injunction during the pendency of the suit. The State of Texas v. Cook United, Inc., supra. The record supports the conclusion that appellee has met her burden.

The remaining points and contentions of the appellants have been duly considered, found to be immaterial or without merit, and are overruled.

The judgment is affirmed.