Hebiphill, Cii. J.
By the decree on the former appeal the widow of the deceased and her child were to have the benefit of the lot or its value and five hundred dollars out of the value of the improvements, the excess of the value of the said improvements being subjected to the payment of debts contracted anterior to the 16th February, 1S46.
The attempt in this proceeding is in effect to reverse this decree, and to require the creditor in whose favor it was rendered to relinquish the claim thus legally established to payment out of this special fund, and throw him upon the general assets of an estate thus rendered hopelessly and deeply insolvent for satisfaction.
The court very properly refused to countenance a proposition so utterly without the semblance of justice and so repugnant to the firmly-fixed principles of law. For there is no rule hotter established than that whatever is before this court on an appeal and disposed of must he regarded as finally settled. The decree of this court becomes to the inferior court the law of the particular ease, and the latter is hound by the mandate of the former, and may he enforced by peremptory writs to carry it into execution. It cannot be varied or examined by the District Court for any other purpose than execution, nor can the court intermeddle witli it in any way except to settle so much as has been remauded. (12 Pet. R., 491, and cases cited; 1 Johns. Chan. R., 189; 3 Tex. R., 517.) Such was the view taken by the District Court of the extent and limitations on its powers. At least its action was in accordance with these rules, and there being no error in the judgment it is •ordered that the same be affirmed.
Judgment affirmed.