## SECOND DEPARTMENT, NOVEMBER, 1927.

MARY J. DEWITT, Appellant, *v.* SELAH E. JAYNE and Another, Respondents.

*Fraud and deceit — action based on fraud in procuring plaintiff to execute deed — property was in possession of plaintiff's sister who claimed to own it and who devised it to brother — same will devised property to plaintiff and two sisters, assignors of plaintiff — plaintiff, by accepting legacies, estopped both as to her claim and as to assigned claims — verdict is against evidence.*

Appeal from a judgment of the Supreme Court, entered in the Orange county clerk's office on January 6, 1927, and also from an order entered on the same day.

Order setting aside verdict and dismissing complaint, and judgment entered thereon, affirmed, with costs, upon opinion of Mr. Justice Seeger at Trial Term. Young, Lazansky and Hagarty, JJ., concur; Rich and Kapper, JJ., dissent.

The following is the opinion of the court below:

SEEGER, J.  Motion by defendants to set aside a verdict in the above-entitled action.  The action was brought to recover damages sustained by the plaintiff by reason of the execution of a deed for a one-eighth interest in a certain lot of land, the execution of which the plaintiff alleges was brought about by fraud and misrepresentation on the part of the defendants, and also damages sustained by other cotenants of the plaintiff by reason of the execution of the same deed which it is alleged was brought about by similar fraud and misrepresentation, and the claims of which cotenants were assigned to the plaintiff.  The jury found for the plaintiff.  The premises in question conveyed by the alleged fraudulent deed were occupied by one Julia Hess, sister of the plaintiff, who claimed to own the same and who left a will devising it to her brother, the defendant Jayne.  By the same will the testatrix bequeathed certain personal prope.ty to the plaintiff and two sisters, who were two of the assignors to plaintiff of causes of action similar to plaintiff's own.  The verdict has already been set aside as to the plaintiff's own cause of action and as to the two assigned claims of the legatees under the will aforesaid, upon the ground that the plaintiff and said legatees having accepted their legacies were estopped from claiming any interests in the estate of the said deceased in hostility to the said will.  (*Beetson* v. *Stoops,* 186 N. Y. 456; *Matter of Ballard,* 194 App. Div. 106.)  I am of the opinion that the plaintiff is likewise estopped from asserting the claims assigned to her by the other cotenants for the same reason.  It was said by the court in the case of *Beetson* v. *Stoops* (*supra*):  " A person shall not claim an interest under an instrument without giving full effect to that instrument, as far as he can."  How can it be said that the plaintiff is giving full effect to the will of her deceased sister as far as she can when she accepted a legacy therein found to be more valuable than her one-eighth interest in the real estate which the testatrix devised to her brother, the defendant, when she purchases other interests adverse to the will, and then brings this action.  I am also inclined to the opinon that the verdict should be set aside as against the weight of evidence.  The motion is, therefore, granted upon both grounds as contrary to law and against the weight of evidence.