270

In the Matter of the Estate of CHARLES P. GOLDSMITH, Deceased.

Surrogate's Court, New York County, May 21, 1940.

*Louis S. Posner* [*Edmond N. Cahn* of counsel], for Dorothy Goldsmith, individually.

*Gustave Simons*, for Dorothy Goldsmith, as executrix, etc.

*Pfeiffer & Crames*, for May Gribben, as executrix, etc.

*Phillips, Mahoney & Fielding*, for May Gribben, individually.

*Victor Kaufmann*, special guardian for infants.

*McLaughlin & Stern* [*Stephen S. Bernstein* of counsel], for Madeleine G. Morrell, Marguerite C. Gale and Marjorie R. Poll, objectants.

DELEHANTY, S. The widow of deceased heretofore filed a notice of election to take against the will of deceased pursuant to section 18 of the Decedent Estate Law. She now makes application for an order directing payment to her of the sum of $5,000 on account of her elective share. The application is opposed on the ground that the provisions for her under the will are equal to or greater than her intestate share and also on the ground that in any event she has waived or lost her right to elect.

In paragraph first of his will deceased gave legacies of $2,500 to each of his three sisters and a legacy of $20,000 to one of his employees. In paragraph second he bequeathed to his two daughters, who are stepdaughters of the widow, certain jewelry which formerly belonged to their mother. In paragraph third he bequeathed to the widow the contents of the house on premises 72 Hamilton terrace, New York city. In paragraph fourth he provided: "*Fourth.* The property known as #72 Hamilton Terrace, New York City, having been inherited by my daughters, Madeleine G. Rosenberg and Marguerite G. Connes from their mother, Agnes Goldsmith, it is my wish, desire and request that the same become the sole property of my wife, Dorothy Goldsmith, after my death. Towards that end, if my said daughters, or their heirs or devisees shall, within three months after the probate of this will, deed the said property in fee simple to my said wife, subject however, to such encumbrances as may be valid liens thereon at the time of my decease, then and in that event, I give and bequeath to each of my said daughters the sum of Fifteen Thousand ($15,000) Dollars each, in full payment of such transfers. In the event that my said request is not fulfilled and the transfers not made by my said daughters as above set forth, then I give and

bequeath to my wife, Dorothy Goldsmith, the sum of Thirty Thousand ($30,000) Dollars in lieu thereof, to be hers absolutely and forever. The above bequests to my said daughters and/or my said wife shall be in addition to any other provisions made for them hereunder."

The only other provisions of the will which are pertinent are contained in paragraph eighth which first directs division of the residuary estate into eight parts. It then provides that the income from four parts shall be payable to the widow during her life and that upon her death these shares shall be payable ratably to the four children of deceased or to their issue *per stirpes*. One further part is placed in trust respectively for each of the four children with directions that one-third of the principal be paid over to each respective child upon reaching age thirty-five, one-third upon reaching age forty and the balance upon reaching age forty-five. Should any child die before attaining age thirty-five the principal of his or her trust is to be paid to his or her issue *per stirpes* and in default of issue to the other children or their issue *per stirpes*. The will contains no specific provision for disposition of the balance of principal in any of the trusts if any of the children die after reaching age thirty-five but before attaining age forty-five.

Within the time prescribed by paragraph fourth of the will the two stepdaughters of the widow tendered a deed of No. 72 Hamilton terrace, New York city, to the widow. The widow accepted the deed but only after the four children of deceased, the widow and her coexecutrix signed a stipulation which provided that the acceptance of the deed by the widow and the exercise of dominion over the property by her was not to prejudice the exercise of nor constitute a waiver in any respect of the personal right of the widow to take against the will of deceased. The parties to the stipulation waived any and all objections which they then had or might have in the future to the exercise of the widow's right of election provided she acted within the time specified in the statute.

Deceased died March 24, 1938. Letters testamentary were issued on April 12, 1938. By order dated October 11, 1938, the widow's time to file her notice of election was extended to January 1, 1939. By order dated December 30, 1938, her time to file the notice was further extended to July 1, 1939. Her notice of election was filed on May 12, 1939.

Marjorie Poll, an adult step-granddaughter of the widow, acting through the firm of attorneys who represent the two stepdaughters of the widow, contends that as to her the widow's notice of election is without effect because she, the granddaughter of deceased, was given no notice of the applications for extension of time to file the

notice of election against the will. She also contends that she is not bound by the stipulation which was signed when the widow accepted the deed and that by accepting the deed the widow has elected to accept the benefits given her under the will and cannot, therefore, elect against the will.

Section 18 of the Decedent Estate Law provides that an application by a surviving spouse for an extension of time to file a notice of election to take against a will shall be upon petition and on notice given *to such persons and in such manner as the surrogate may direct*. Each of the applications by the widow for extensions of time was made by petition and order to show cause directed to the general legatees and to all of the children of deceased. In each application the petition quotes the provisions of paragraph eighth of the will for the widow's benefit. As heretofore stated, the principal of her trust is payable on her death to the children " or to the issue them surviving, *per stirpes*, and not *per capita*." Each petition disclosed clearly that issue of the children of deceased had a contingent interest in the trust. It must be held, therefore, that the court when acting on the extensions deemed it unnecessary to give notice of the applications to the issue of the children. They take nothing if their respective parents survive the widow and reach forty-five years. The children of deceased only are the presumptive remaindermen. They represent the whole group of remaindermen, whether presumptive or contingent. Notice to them was in any case sufficient. The rights of a spouse under section 18 of the Decedent Estate Law are to be liberally construed. No objection so technical as that under discussion should operate to deprive a spouse of the rights accorded by the statute.

The further contention of the granddaughter that the widow cannot elect to take against the will because she has accepted a deed to the real property owned by her stepdaughters is grounded on what is alleged to be the rule that one cannot accept the benefits of a devise and at the same time reject the will. The rule is stated in *Beetson* v. *Stoops* (186 N. Y. 456) to be that a person cannot claim a benefit under an instrument without giving, so far as it is in his power to do so, full effect to the instrument and that accordingly he must renounce every right inconsistent with the terms of the instrument under which he benefits. In the cited case a testator devised to one of his two granddaughters a parcel of real property owned in fee by him and devised to the other granddaughter a parcel of real property in which he had only a life interest and the fee of which was in the two granddaughters as tenants in common. The devisee of the parcel owned in fee by the testator instituted an action to partition the other parcel. The court held that the plain-

tiff in the action could not retain the devise under the will and at the same time assert her rights to the other parcel. Other examples of the application of the rule may be found in *DeWitt* v. *Jayne* (222 App. Div. 674); *Matter of Ballard* (194 id. 106); *Jurgensen* v. *Dana* (162 id. 42); *Shanley* v. *Shanley* (22 id. 375); *Matter of Smith* (150 Misc. 367); *Matter of McGrath* (129 id. 514); *Matter of Aitken* (117 id. 268). In all of these cases there was found an implied condition imposed by the testator that the person taking a benefit under the will could do so only by relinquishing his rights in property privately owned by him but disposed of under the terms of the instrument. The legatee or devisee who owned the property was required to make an election between his already existent private rights and the benefits procurable by surrendering them.

The principle of these cases would apply here if the daughters of deceased were attempting to obtain the legacies under paragraph fourth and at the same time retain title to the real property because it is *their* property which is subjected to the operation of the will.

The attempt here is to make the rule applicable to property not owned by the testator nor by the person on whom the burden of a choice is alleged to rest. Nothing in the cited cases warrants a holding that a person who takes property not owned by the testator but tendered by a third person who seeks thereby to meet the terms of a bequest loses any of his rights whether under the will or the statute.

Even in a case where some of a widow's property is disposed of under the terms of her husband's will, the rule will not be invoked to deprive the widow of her right of election though she insists upon retaining her own property. (*Matter of Curley*, 151 Misc. 664; *Matter of Collins*, 156 id. 783.) Indeed the statute in a measure gives to a surviving spouse the right to take against the will and at the same time to accept benefits under it. If, therefore, the acceptance by the widow here of the deed to the real property could be regarded as an acceptance by her of a benefit under the will, the right of election would still be preserved by the terms of the statute itself. It is clear that the widow was not put to an election between two inconsistent rights and did not waive her statutory right by acceptance of the deed.

The two stepdaughters of the widow contend on their part that the provisions of paragraph fourth of the will constitute an offer by deceased to purchase from them for $30,000 the premises No. 72 Hamilton terrace and that the delivery of the deed by them to the widow constituted an acceptance of the offer and thereby bound the estate by contract to pay them the sum of $30,000. Arguing that this so-called contract debt must be treated as other

debts, they insist that it must be deducted in ascertaining the net estate for computation of the widow's intestate share. While protesting that they do not thereby repudiate the stipulation signed by them they assert that the widow in accepting the deed to the real property ratified the contract and must recognize the so-called debt. If this contention is sound, the widow's intestate share will be reduced by $10,000.

The contention that delivery of the deed completed a contract and established a debt is without merit. The gifts under paragraph fourth to the daughters are clearly legacies on condition which the legatees could accept or reject. The deceased had the right to attach to the gifts any condition that he saw fit.

" The legacies and devises were acts of bounty merely. The testator was free to withhold them altogether, or to subject them to conditions, whether sensible or futile. The gift is to be taken as it is made or not at all." (*Oliver* v. *Wells*, 254 N. Y. 451, 459.)

*Matter of Cameron* (278 N. Y. 352), cited by the stepdaughters of the widow, is not authority for the proposition urged by them. While the court there spoke of the existence of a contract between a legatee and a testator by the terms of which the legatee was to receive a preference, the court was passing only on the question whether one legacy had preference over another and not on the question whether a legacy given for a consideration constituted in a true sense a debt. It should not lack notice that the statute under which an election is permitted refers to " debts " in terms which indubitably mean debts *of the deceased.* Here there is claimed to exist a debt *of the estate.* The concept suggested is of an offer surviving the death of the offerer, made in an instrument becoming effective only after the offerer's death and (when accepted) creating rights not against the offerer as an individual but against a body of property of which he died the owner. If such a creation is a " debt " at least it is not in the category of deceased's obligations which alone are deductible in ascertaining the value of an intestate share.

The rejection of the idea that the preferred legacies are to be treated as debts of deceased in computing the intestate share makes the value of that share $10,000 higher than the figure suggested by counsel for the objecting daughters and granddaughter of deceased. These legacies like other legacies are necessarily to be deducted in arriving at the value of the residuary trust for the benefit of the widow. Thus it is apparent on the figures supplied by opposing counsel that the margin between the intestate share and the trust provisions for the widow plus all other benefits running to her under the will is largely in excess of the cash sum which she has asked for on this application. The estate assets have been reduced

to cash. The debts and tax liabilities are known. The court has taken into account the possibility that further administration expenses may be incurred, but one-half of all such further expenses will operate to reduce by that figure the value of the widow's residuary trust. In no aspect, therefore, can there be detriment to the opposing parties in granting this application. However, the court deems it appropriate to authorize the payment at this time of only the sum of $2,500. The pending accounting proceeding can soon be completed and therein the final figures fully ascertained. There will be no hardship to the widow of deceased in requiring her to wait for further payment until the accounting decree is ready.

Submit, on notice, order directing payment to the widow of deceased of the sum of $2,500 on account of her elective share.