NUMBER 13-06-278-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








IN RE RICARDO GARCIA,

Relator





On Petition for Writ of Mandamus






DISSENTING MEMORANDUM OPINION 



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo


 

 On original submission, we properly reviewed relator Ricardo Garcia's direct
appeal and declared the complained-of "judgment for permanent injunction" void. (1) We
subsequently denied relator's motion for rehearing, again declaring the complained-of
judgment void. (2) Relator requests we order the trial court to vacate the complained-of
judgment. The majority states that, on direct appeal, we have already found the
complained-of judgment void. While I agree with the majority that we have found the
complained-of judgment void, I disagree that mandamus relief is proper. I would hold
that relator has not met the requirements for extraordinary relief. Thus, I respectfully
dissent. 

 In Texas, a person may obtain mandamus relief from a court action only if (1)
the trial court clearly abused its discretion and (2) the party requesting mandamus has
no adequate remedy by appeal. See In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004); In re Kuntz, 124 S.W.3d 179, 180 (Tex. 2003); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992). 

 While it is wholly unnecessary to appeal from a void judgment, it is nevertheless
settled that an appeal may be taken and the appellate court in such a proceeding may
declare the judgment void. State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex.
1995) (citing Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961)). On original
submission and rehearing, we declared the complained-of judgment void because it
was signed after the district court's plenary jurisdiction expired. Our decision left
intact the trial court's final judgment dated May 13, 2004, as the final judgment in the
case. Although authorized to do so, on original submission and rehearing, we could
have but did not set aside the trial court's "judgment for permanent injunction," the
complained-of judgment. See id.; see also Tex. R. App. P. 43.2(d), (e). If our
declarations that the complained-of judgment is void, as we held on original submission
and rehearing in the direct appeal, were insufficient to compel the trial court to vacate
the offending judgment, mandamus relief would then be proper because relator would
have no adequate remedy by appeal. See Walker, 827 S.W.2d at 839. 

 The current petition for extraordinary relief does not establish that the trial court
has affirmatively refused to be bound by the "law of the case," (3)
 with respect to, in
particular, our declarations that the offending judgment is void. The petition for writ
of mandamus must stand or fall on its own merits; relator has not met the standard
requirements for mandamus relief. See id. Accordingly, I would deny the petition. 
Id. 


 ERRLINDA CASTILLO

 Justice


Dissenting Memorandum Opinion delivered

and filed this the 24th day of August, 2006. 


1. See Garcia v. Longoria, No. 13-04-639-CV, 2006 Tex. App. LEXIS 1292 (Tex. App.-Corpus
Christi Feb. 16, 2006, no pet. h.) (not designated for publication). 
2. See Garcia v. Longoria, No. 13-04-639-CV, 2006 Tex. App. LEXIS 4359 (Tex. App.-Corpus
Christi May 18, 2006, no pet. h.) (op. on reh'g) (not designated for publication). 
3. The "law of the case" doctrine is defined as that principle under which questions of law
decided on appeal to a court of last resort will govern the case throughout its subsequent stages.
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986) (citing Trevino v. Turcotte, 564 S.W.2d 682,
685 (Tex. 1978)). By narrowing the issues in successive stages of the litigation, the law of the case
doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. Briscoe
v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003). The doctrine is based on public policy and is
aimed at putting an end to litigation. Id.